UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MATLOOB A. KHAN,                    )
                                    )
          PLAINTIFF,                )
                                    )
     v.                             )     CASE NO. 3:05-0771
                                    )     JUDGE ECHOLS
LINCOLN BENEFIT LIFE COMPANY,       )
COMPASS BANK, 419 TRUST             )
ADMINISTRATORS,                     )
                                    )
          DEFENDANTS.               )

MEMORANDUM

Pending before the Court is Plaintiff Lincoln Benefit Life Company's ("Lincoln") Motion to Dismiss (Docket Entry No. 11) to which Plaintiff Matloob A. Khan ("Khan") has responded in opposition (Docket Entry No. 18) and Lincoln has replied (Docket Entry No. 25). Khan has also filed a "Motion for Oral Argument (Docket Entry No. 26), to which Lincoln has responded and expressed no opposition (Docket Entry No. 27).[1]

I.  FACTS

This action in which Khan asserts claims of breach of trust, breach of fiduciary duty, and negligence was removed to this Court from state court based upon diversity of citizenship. It is alleged that Khan is a resident of Tennessee,[2] Lincoln is a Nebraska corporation with its principal place of business there,

_____

[1]The "Motion for Oral Argument" will be denied since this Court can determine the motion based upon the papers submitted and perceives no need for oral arguments.

[2]In an Affidavit, Kahn states he moved to Tennessee in January of 2000. (Khan Aff. ¶ 2).

1

Compass Bank is a foreign corporation with a principal place of business in Birmingham, Alabama, and 419 Trust Administrators is a foreign corporation with its principal place of business in Arizona. (Complaint ¶¶ 1-4). The facts underlying the dispute, as set forth in the Complaint, are as follows.

In 1999, Khan created a trust account in a pension plan with Defendant Lincoln. It is alleged that Defendant Compass Bank was made a trustee and that it, in turn, delegated all or some of its trustee's duties to Defendant 419 Trust Administrators. The pivotal allegations of the Complaint are contained in paragraphs 6, 7, and 8, which read:

> 6. Beginning in 1999, Khan personally made securities transactions in the trust account by placing orders through Lincoln Benefit. In October 2002, Khan sold all equities in the trust account and had the proceeds placed in a money market fund. Several days later, Khan attempted to reinvest the funds in securities. Lincoln Benefit refused to make the trade or any further trades because it asserted that Khan was not authorized to make trades in the trust account. Lincoln Benefit also represented that the trades previously placed by Khan were unauthorized and illegal.

> 7. On information and belief, Compass Bank received trade confirmations and account statements reflecting all trades made by Khan in the trust account. Compass Bank failed to notify Khan, and apparently failed to notify Lincoln Benefit, that the trades were unauthorized. On information and belief, Compass Bank took no affirmative action to manage the funds in the trust account.

> 8. On information and belief, 419 Trust Administrators also received trade confirmations and account statements reflecting all trades made by Khan in the trust account. 419 Trust Administrators also failed to notify Khan, and apparently failed to notify Lincoln Benefit, that the trades were unauthorized. On information and belief, Compass Bank took no affirmative action to manage the funds in the trust account.

(Complaint ¶¶ 6-8).

2

Defendant Lincoln has moved to dismiss on the grounds that, because Indiana law applies, Khan's claims against it are barred by the applicable statute of limitations and because it cannot be liable for breach of a duty of good faith under the facts alleged. In support of its position, Lincoln has provided the Court with numerous documents, including the "Flexible Premium Variable Life Insurance Policy" at issue, together with the Application for that policy which, under the terms of the policy, was a part of the contract between Khan and Lincoln. Lincoln has also provided the Court with the documents which changed the trustees to Defendant Compass Bank and 419 Trust Administrators.

Those documents reflect that in 1998, when Khan took out the policy with Lincoln, he was an orthopaedic surgeon residing in Huntington, Indiana. The policy indicated that it would be subject to the laws of the state in which the application was signed – Indiana.

The policy insured Khan's life but the initial owner and beneficiary of the policy was the "Total Welfare Benefit Fund," a VEBA trust[3] with its business address in Metairie, Louisiana. In 2001, the Lincoln policy was transferred to the National Variable Benefit Plan & Trust in Scottsdale, Arizona to be administered by Compass Bank as the trustee. (Docket Entry No. 25, Ex. 3).

---

[3]A VEBA (voluntary employees' beneficiary association) trust is a tax-exempt trust authorized by Section 501(c)(9) of the Internal Revenue Code which enables employers to make tax-free deposits and be credited with tax-free investment earnings in order to provide benefits for their employees.

3

## II.  **STANDARD OF REVIEW**

In evaluating the Complaint under Rule 12(b)(6), the Court must accept as true all of Plaintiff's allegations and resolve all doubts in Plaintiff's favor.  See <u>Craighead v. E.F. Hutton & Co.</u>, 899 F.2d 485, 489 (6th Cir. 1990).  The Court should not dismiss the Complaint unless it appears beyond doubt that Plaintiff cannot prove any set of facts in support of his claims that would entitle him to relief.  <u>See</u> <u>id</u>.

Generally, when ruling on a Motion to Dismiss, a Court is limited to looking solely at the allegations of the Complaint. However, even where a document is not formally incorporated by reference or attached to a complaint, the Court may nevertheless consider the document where the document is referred to in the Complaint and is central to Plaintiff's claim.  See <u>Greenburg v. Life Ins. Co. of Virginia</u>, 177 F.3d 507, 514 (6th Cir. 1999)(insurance policies that were attached to motion to dismiss were not matters outside the pleadings); <u>Weiner v. Klais & Co.</u>, 108 F.3d 86, 89 (6th Cir. 1997)(pension plan documents attached to motion to dismiss were not matters outside pleading since referenced in complaint and central to claim).  The reason for this rule is that "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."  <u>Weiner</u>, 108 F.3d at 89.

## III.  **LEGAL ANALYSIS**

In ruling on the Motion to Dismiss, this Court's first task is to determine which state's law should govern this dispute.  Once

4

the choice of law is determined, the question becomes whether Khan's claims are substantively barred or are barred by the applicable statute of limitations.

## A. **Choice of Law**

In making the choice of law determination, a federal court exercising diversity jurisdiction must apply the choice of law rules of the forum state, here Tennessee. <u>Klaxon v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496 (1941). The parties agree that Tennessee courts use the "most significant relationship" test set forth in the Restatement (Second) of Conflict of Laws (1971) under which a court applies the "law of the state where the injury occurred . . . unless, with respect to the particular issue, some other state has a more significant relationship . . . to the occurrence and the parties." <u>Hataway v. McKinley</u>, 830 S.W.2d 53, 56 (Tenn. 1992). They part company, however, as to which of the numerous provisions of the Restatement is applicable in this case.

For its part, Lincoln asserts that because a life insurance policy is at issue, Section 192 of the Restatement governs. Khan asserts that either Section 147, which deals with injuries to tangible things, or Section 159, which deals with duties owed to a plaintiff, should apply.

Upon full review of the arguments and assorted provisions of the Restatement, this Court finds that Section 192, which relates to insurance contracts, controls the choice of law in this case because the only connection between Lincoln and Khan is that Khan's

5

life was insured by a Lincoln insurance policy. That section provides:

> The *validity of a life insurance contract* issued to the insured upon his application *and the rights created thereby* are determined, in the absence of an effective choice of law by the insured in his application, by the local law of the state where the insured was domiciled at the time the policy was applied for, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

Restatement (Second) of Conflicts of Law § 192 (italics added).

Utilizing this provision, it is clear that Indiana law should control. Not only does the policy contain a choice of law provision which indicates it would be governed by the law of the state in which it was signed (Indiana), at the time Khan applied for the policy, he was an Indiana resident.

Moreover, given the choice of law provision in the policy with Lincoln, application of Indiana law would not violate Tennessee public policy. "Tennessee will honor a choice of law clause if the state whose law is chosen bears a reasonable relation to the transaction[.]" Wright v. Rains, 106 S.W.3d 678, 681 (Tenn. Ct. App. 2003). Unquestionably, application of the law of the state in which a contract was signed constitutes a reasonable relationship to the transaction since Tennessee law provides that, in the absence of a contractual choice of law provision, the law of the state in which the contract was entered into applies. In re Estate of Davis, 2005 WL 1950729 at *2 (Tenn. Ct. App. 2004).

6

Yet, even if Section 192 were not applicable, the general choice of law rules under the Restatement favor the finding that Indiana law should control. Specifically, Section 6 (which is referenced not only in Section 192, but also in Section 147 and by cross-reference in Section 159) lists several factors that are relevant to the choice of applicable law.[4] The "contacts to be taken into account in applying the principles of § 6" include:

(a)  the place where the injury occurred,
(b)  the place where the conduct causing the injury occurred,
(c)  the domicil[e], residence, nationality, place of incorporation and place of business of the parties, and

(d)  the place where the relationship, if any, between the parties is centered.

Restatement (Second) of Conflicts of Law § 145. "These contacts are to be evaluated according to their relative importance with respect to the particular issue." Id.

In this case, except for Khan's present residence in Tennessee, none of the contacts are based in Tennessee. While he claims injury in this state in his opposition to the Motion to Dismiss, the allegations in the Complaint are that the corpus in

---

[4]Those factors include:  (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied. Restatement (Second) of Conflicts of Law § 6.

7

one or both of the trusts was injured, but neither of those trusts are in Tennessee.

Conversely, Indiana has a significant relationship to the policy at issue because Khan resided in Indiana at the time he signed the application, the policy was issued while Khan was residing in Indiana, and the policy itself provides that Indiana law will apply. Accordingly, this Court finds that Indiana law governs the dispute between Lincoln and Khan.

Having determined that Indiana law applies, it is clear that Khan's claims for breach of fiduciary duty and negligence against Lincoln are barred by the statute of limitations.[5] By statute, Indiana law provides that a cause of action for injury to personal property "must be commenced within two (2) years after the cause of action accrues." Ind. Code § 34-11-2-2. A "breach of fiduciary duty is a tort claim for injury to personal property with a two-

---

[5]As an alternative argument, Lincoln argues it owed no duty to Khan because an insurer owes no duty to a third party. In support of that proposition Lincoln cites Menefee v. Schurr, 751 N.E.2d 757 (Ind. Ct. App. 2001) and Cromer v. Sefton, 471 N.E.2d 700 (Ind. Ct. App. 1984). While both cases indicate that an insurer owes no duty to third parties, both cases acknowledge that a insurer does owe a duty to an insured. In this case, Khan was the insured, albeit not an owner or beneficiary of the policy, and it is therefore unclear as to whether Lincoln owed him a duty under Indiana law particularly since the Indiana Supreme Court has determined that because of their special relationship, "an insurer owes a duty of good faith to its insured, the breach of which gives rise to a tort action." Erie Ins. Co. v. Hickman, 622 N.E.2d 515, 518 (Ind. 1993). See also, Kain v. Griffin, 826 N.E.2d 41, 43 (Ind. Ct. App. 2005)("In general, there exists a cause of action for the tortious breach of an insurer's duty to deal with its insured in good faith.").

8

year statute of limitations." <u>Shriner v. Sheehan</u>, 773 N.E.2d 833, 846 (Ind. Ct. App. 2002). Likewise, a policyholder's claims against an insurer for breach of fiduciary duty and duty of good faith and fair dealing is governed by the two-year statute of limitations in Indiana for injury to personal property. <u>Del Vecchio v. Conesco, Inc.</u>, 788 N.E.2d 446, 451 (Ind. Ct. App. 2003).

The two-year statute of limitations under Indiana law bars Khan's present claims for negligence and breach of fiduciary duty. According to the Complaint, Lincoln informed Khan in October of 2002 that he was not authorized to make trades and that his previous trades were unauthorized. (Complaint ¶ 6). The statute of limitations began to run at that time since he was made aware of Lincoln's position. However, he did not file suit until August 2005, almost three years after his cause of action accrued.

Thus, Khan's claims against Lincoln as presently pled will be dismissed. However, the dismissal will be without prejudice because the deadline for moving to amend the pleadings under the Initial Case Management Order does not run until March 15, 2006, and this Court has no way of knowing whether Khan can plead around the statute of limitations or has other claims to assert against Lincoln.

### IV.  <u>CONCLUSION</u>

On the basis of the foregoing, Lincoln Benefit Life Company's Motion to Dismiss (Docket Entry No. 11) will be granted and Khan's claims for breach of fiduciary duty and negligence against Lincoln

will be dismissed without prejudice. Khan's "Motion for Oral Argument" (Docket Entry No. 26) will be denied.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE